## LEIMAN v. SEELY.

### (Supreme Court, Appellate Term. June 21, 1912.)

PRINCIPAL AND AGENT (§ 151*)—ACTION—JUDGMENT.

In an action by a buyer for the taking of a machine by a former agent of defendant after he had been discharged from the defendant's employ, and where he was not shown to be authorized to take the machine from plaintiff's possession, a judgment for plaintiff was reversible error.

[Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. §§ 564–566; Dec. Dig. § 151.*]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Herman Leiman against Henry M. Seely. From a judgment of the Municipal Court of the City of New York in favor of the plaintiff, defendant appeals. Reversed, and new trial ordered.

Argued June term, 1912, before SEABURY, LEHMAN, and BIJUR, JJ.

Newton McGovern, of New York City, for appellant.

Goldsmith, Rosenthal, Mork & Baum, of New York City (Seymour Mork, of New York City, of counsel), for respondent.

SEABURY, J. The complaint alleges that on September 26, 1911, plaintiff delivered to the defendant an electric beer pressure pumping machine, for the purpose of having the defendant repair the same, and that the defendant has refused to return the machine, although demand for it has been duly made.

The evidence showed that the pumping machine was sold by the defendant to the plaintiff in March, 1910. The sale was made on behalf of the defendant by one Tollman, who was then in his employ. Subsequent to the delivery of the pumping machine to the plaintiff, Tollman called twice at the plaintiff's place of business and made minor repairs upon the machine. On September 25, 1911, Tollman again called on the plaintiff and took the machine away with him, saying that he would cause necessary repairs to be made. The evidence shows that in April, 1911, Tollman was discharged from the employment of the defendant, and that the defendant never authorized him to take the machine from the possession of the plaintiff. In this state of the proof, and without evidence tending to show that Tollman was the authorized agent of the defendant when the machine was delivered to him, it was error for the court below to render judgment in favor of the plaintiff.

The record is burdened with other errors; but, as a new trial is to be had, it is unnecessary to discuss them.

Judgment reversed, and new trial ordered, with costs to the appellant to abide the event. All concur.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes